**DO NOT PUBLISH**

**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**

**11-768**

**STATE OF LOUISIANA**

**VERSUS**

**MITCHELL LARCART**

************

**APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 11,773
HONORABLE PATRICIA KOCH, DISTRICT JUDGE**

************

**J. DAVID PAINTER
JUDGE**

************

Court composed of Marc T. Amy, Elizabeth A. Pickett, and J. David Painter, Judges.

**AFFIRMED.**

**Mitchell Larcart
2602 Third Street
Alexandria, LA 71302
IN PROPER PERSON:**
    **Defendant/Appellant**

**Robert G. Levy
921 Ninth Street
Alexandria, LA 71302
COUNSEL FOR PLAINTIFF/APPELLANT:**
    **State of Louisiana**

**PAINTER, Judge**

Defendant, Mitchell Larcart, appeals the trial court's decision allowing registration of a child support order from the state of West Virginia and ordering payment under that order. Finding no error in the trial court's decision, we affirm.

**FACTS**

Paula Clay and Mitchell Larcart were married in Georgia in 1998. They had one child in 1998. Paula and the child moved to West Virginia in April 2001. Paula obtained a Decree of Separate Maintenance on September 26, 2001. Mitchell moved to Avoyelles Parish, Louisiana, and filed for divorce there in February 2002. In March 2002, the Family Court of Wayne County, West Virginia (the Family Court), granted Paula separate maintenance. On April 9, 2002, a final decree was entered by the Family Court granting a divorce and awarding child support in the amount of $705.11 per month. Mitchell sent the Family Court a letter, which was received on April 26, 2002, disputing jurisdiction but asking that the court consider the letter a general appearance. An appeal was entered on behalf of Mitchell, and the Circuit Court of Wayne County, West Virginia (the Circuit Court), remanded the matter to the Family Court to determine whether it had jurisdiction to hear the matter. Upon remand, the Family Court found that it lacked jurisdiction to grant a divorce and nullified the decree of divorce rendered in the April 9 judgment. Paula amended her petition. Mitchell again appealed, alleging that his action in Louisiana precluded the filing of a new complaint in West Virginia. The Circuit Court found no abuse of discretion in the Family Court's decision to allow the amended petition.

In July 2005, the West Virginia Department of Health and Human Resources, Bureau for Child Support Enforcement (W.VA. Support Enforcement), filed a petition for modification of the child support order asking that it be

decreased because it was inconsistent with the child support guidelines. W.VA. Support Enforcement also asked for consideration of the medical needs of the child and that the non-custodial parent pay costs. It moved the court to determine the controlling order for child support and the amount of arrears. In December 2005, the Family Court entered an order finding that it had jurisdiction to modify the child support order, that the parties had notice, and that Paula's action for separate maintenance predated any proceeding filed in Louisiana, and reduced Mitchell's child support obligation to $508.51 per month beginning December 1, 2005. Mitchell appealed the order, and the Circuit Court denied the appeal finding that the Family Court had jurisdiction over this matter.

In May 2010, the State of Louisiana, on Paula's behalf, filed a Petition To Register Foreign Support Order For Enforcement Under The Provisions Of Children[']s Code Articles 1306.1 et seq,, seeking to enforce the West Virginia support order. After a hearing, the trial court ordered the West Virginia support order registered and entered an order for payment of child support and an immediate income assignment order. Mitchell appeals pro se.

## DISCUSSION

Mitchell neither assigns error nor makes any argument on appeal. However, in the interests of justice, we have reviewed the record, and we note the provisions of La.Ch.Code art. 1302.7(B)(2), concerning jurisdiction under the Uniform Interstate Family Support Act :

> *If more than one of the tribunals would have continuing, exclusive jurisdiction under this Chapter, an order issued by a tribunal in the current home state of the child controls and must be so recognized,* but if an order has not been issued in the current home state of the child, the order most recently issued controls and must be so recognized.

Therefore, we adopt the trial court's reasons as our own, as follows:

2

WRITTEN REASONS

This matter came for hearing for a determination of arrearage on October 27, 2010. The defendant raised the question concerning jurisdictional issues between the State of Louisiana and the State of West Virginia. The Court agreed to review the entire record before making a determination about registration of the order of support from the State of West Virginia.

The Court has now had the opportunity to thoroughly review the records contained within the Clerk of Court's record as well as that of the Assistant District Attorney along with documents produced by Mitchell Larcart. The records indicate that Mr. Larcart has continually raised his concerns about the state of West Virginia's ability to insert their authority into an order of child support. His concerns were addressed at each level of involvement from the trial court through the courts of appeal in West Virginia. The rulings remained consistent recognizing the State of West Virginia as having "continuing exclusive jurisdiction in the matter" since the minor child continued to reside in the state. In making those determinations, this court reviewed their knowledge of the location of the minor child and the knowledge of any other state's interest in the case. The opinions by both judges make it clear to this court that Mr. Larcart made them fully aware of the actions within the State of Louisiana; however their decision was based upon the physical location of the child.

Based upon the above stated reasons, this court finds that those decisions of the State of West Virginia were appropriate and this court will allow the registry of the support order.

**CONCLUSION**

For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against Defendant/Appellant, Mitchell Larcart.

**AFFIRMED.**